# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                      No. MJ 09-2468 JB

CORY D BOYD,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Appeal of Detention Order, filed August 26, 2009 (Doc. 10).  The Court held a hearing on August 31, 2009.  The primary issue is whether the Court has jurisdiction to review the order of detention that the Magistrate Judge in the United States District Court for the District of New Mexico has entered, or whether the United States District Court for the Western District of Texas, the district from which Defendant Cory D. Boyd ("Boyd") has charges pending against him, has exclusive jurisdiction to hear the appeal.

Title 18 United States Code §3145(b) states, in relevant part: "Review of a detention order. – If a person is ordered detained by a magistrate . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."  In United States v. Cisneros, 328 F.3d 610 (10th Cir. 2003), the United States Court of Appeals for the Tenth Circuit considered proper jurisdiction of a motion pursuant to 18 U.S.C. §3145(a)[1] and stated: "The motion should be considered and ruled upon in the first instance by a district judge in the court of original jurisdiction."  United States v. Cisneros, 328 F.3d at 615.  The Tenth Circuit followed the

---

[1] Section 3145(a) provides for review of a release order, but also uses the phrase "with the court having original jurisdiction over the offense . . . ."

guidance of the concurring opinion in United States v. Evans, 62 F.3d 1233 (9th Cir. 1995)(Wallace, C.J., concurring), which stated: "Only that district court [i.e. the district court with original jurisdiction over the offense] has the authority to review the magistrate judge's order." United States v. Cisneros, 328 F.3d at 615 (citing United States v. Evans, 62 F.3d at 1239 (Wallace, C.J., concurring)).  The Tenth Circuit explained that the court having original jurisdiction is "the district [court] in which the indictment charging [the defendant] was returned and in which the prosecution is pending." United States v. Cisneros, 328 F.3d at 615.  See United States v. Torres, 86 F.3d 1029, 1031 (11th Cir. 1996)(holding that United States, seeking review of a release order, must appeal to indicting jurisdiction).

In this matter, the court of original jurisdiction is the district court where Boyd was charged and where prosecution is currently pending against him.  Boyd was charged, and prosecution is pending, in the Western District of Texas.  Therefore, the Western District of Texas has exclusive jurisdiction to hear an appeal of the detention order.

Because the Court lacks jurisdiction to review the order of detention entered by the magistrate judge, it does not reach the issue whether Boyd poses a danger to the community if released from custody.

**IT IS ORDERED** that the Appeal of the Detention Order is dismissed for lack of jurisdiction.

_____
UNITED STATES DISTRICT JUDGE

-2-

*Counsel:*

Gregory J. Fouratt
  United States Attorney
James D. Tierney
  Assistant United States Attorneys
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Alonzo J. Padilla
  Federal Public Defender
Albuquerque, New Mexico

       *Attorney for the Defendant*